UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LILLIAN BERNIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-00523 |
| ) | |
| TURBOCAM, INC., HEALTH PLANS, INC., & ) | **JURY TRIAL DEMANDED** |
| HARVARD PILGRIM HEALTH CARE OF ) | |
| NEW ENGLAND, INC. ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS HEALTH PLANS, INC. AND HARVARD PILGRIM HEALTH CARE OF NEW ENGLAND, INC. TO COMPLAINT**

Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc. ("Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Lillian Bernier ("Plaintiff") as follows:

1. This paragraph is introductory in nature and therefore, no response is required. To the extent the paragraph contains factual allegations, they are denied. To the extent the paragraph contains legal conclusions, no response is required.

**JURISDICTION AND VENUE**

2. This paragraph asserts a legal conclusion to which no response is required.

3. This paragraph asserts a legal conclusion to which no response is required.

4. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

5. This paragraph asserts a legal conclusion to which no response is required.

## PARTIES

**Defendant Turbocam, Inc.**

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

**Defendant Health Plans, Inc.**

11. Admitted.

12. Admitted.

13. Denied.

**Defendant Harvard Pilgrim Health Care of New England, Inc.**

14. Admitted.

15. Admitted.

16. Denied.

17. Defendants admit only that Harvard Pilgrim Health Care of New England, Inc. has been a recipient of federal funding, but deny that Harvard Pilgrim Health Care of New England, Inc. has any connection to the allegations in Plaintiff's Complaint. Further answering,

2

Defendants deny that Harvard Pilgrim Health Care of New England, Inc. is a provider of health services under 42 U.S.C. § 18116.

**Plaintiff Lillian Bernier**

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

## FACTS

**Gender Dysphoria and its Treatment**

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. This paragraph asserts a legal conclusion to which no response is required.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

**Lillian Bernier's Employment and the Impact of the Plan Exclusion**

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. The plan's terms and provisions speak for themselves and Defendants deny the allegations in this paragraph to the extent that they are inconsistent therewith. To the extent that any further response is required, the allegations in this paragraph are denied.

48. The language contained in paragraph 48 of the Complaint speaks for itself and, therefore, no response is required.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

**HPI and Harvard Pilgrim's Role in Administering Turbocam's Health Benefits Plan**

51. The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied.

52. Defendants admit that Turbocam provided its employees a self-funded benefits plan and further admit that Turbocam paid a monthly administrative fee. Except as specifically admitted here, the allegations in this paragraph are denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## CAUSES OF ACTION

### COUNT I

**Discrimination on the Basis of Sex – Title VII**
**Against Turbocam**

59. Defendants incorporate their prior responses to paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

61. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

## COUNT II

### Discrimination on the Basis of Sex – New Hampshire RSA 354-A
### Against Turbocam

62. Defendants incorporate their prior responses to paragraphs 1 through 61 with the same force and effect as if fully set forth herein.

63. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

## COUNT III

### Discrimination on the Basis of Gender Identity – New Hampshire RSA 354-A
### Against Turbocam

64. Defendants incorporate their prior responses to paragraphs 1 through 63 with the same force and effect as if fully set forth herein.

65. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

## COUNT IV

### Discrimination on the Basis of Disability – American with Disabilities Act Against Turbocam

66. Defendants incorporate their prior responses to paragraphs 1 through 65 with the same force and effect as if fully set forth herein.

67. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

68. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

69. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

70. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

71. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

72. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

73. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

74. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

### COUNT V

### Discrimination on the Basis of Disability – New Hampshire RSA 354-A
### Against Turbocam

75. Defendants incorporate their prior responses to paragraphs 1 through 74 with the same force and effect as if fully set forth herein.

76. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

77. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

78. This paragraph of the Complaint is addressed to another party other than Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., and therefore, no response is required.

## COUNT VI

## Discrimination on the Basis of Sex and Disability – Affordable Care Act § 1557
## Against HPI and Harvard Pilgrim

79. Defendants incorporate their prior responses to paragraphs 1 through 78 with the same force and effect as if fully set forth herein.

80. This paragraph asserts a legal conclusion to which no response is required.

81. Denied.

82. This paragraph asserts a legal conclusion to which no response is required.

83. This paragraph asserts a legal conclusion to which no response is required.

84. This paragraph asserts a legal conclusion to which no response is required, but to the extent a response is required, the allegations in this paragraph are denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

85. Admitted.

86. This paragraph asserts a legal conclusion to which no response is required.

87. This paragraph asserts a legal conclusion to which no response is required.

## RELIEF REQUESTED

1. Defendants deny Plaintiff's assertion of entitlement to the relief requested in this paragraph.

2. Defendants deny Plaintiff's assertion of entitlement to the relief requested in this paragraph.

3. Defendants deny Plaintiff's assertion of entitlement to the relief requested in this paragraph.

4. Defendants deny Plaintiff's assertion of entitlement to the relief requested in this paragraph.

5. Defendants deny Plaintiff's assertion of entitlement to the relief requested in this paragraph.

6. Defendants deny Plaintiff's assertion of entitlement to the relief requested in this paragraph.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of proof of such defenses that would otherwise rest with Plaintiff. Notwithstanding the enumeration of specific defenses set forth below, Defendants reserve all of those defenses set forth in Fed. R. Civ. P. 8(c) and 12(b) and such other defenses, affirmative or otherwise, as are determined to be applicable through discovery. Defendants further reserve the right to assert such claims, counterclaims, third-party claims, cross-claims, or other claims as investigation and discovery may determine to be applicable, and hereby reserve all rights associated with any such claim or potential claim.

### FIRST AFFIRMATIVE DEFENSE

The Complaint does not state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations or other applicable limitations periods.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to pursue and exhaust required administrative and statutory remedies in a timely and proper manner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by her failure to mitigate damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any cognizable damages, and to the extent they have suffered any such damages, they failed to mitigate those damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants cannot be held responsible for alleged harm caused by acts of parties for whom Defendants are not legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged damages, if any, were not proximately caused by any act or omission of Defendants.

## NINTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any cause of action contained therein, is barred by Defendants' compliance with applicable law underlying the claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to emotional distress damages under section 1557 of the Affordable Care Act, 42 U.S.C. § 18116.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are not covered entities under Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, as Defendants do not meet the statutory requirements under that statute and, more generally, Section 1557 does not apply to Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing, including Article III standing, for her claims against Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages from any alleged actions or inactions by Health Plans, Inc. or Harvard Pilgrim Health Care of New England, Inc. because Turbocam, Inc., not Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc., are required to pay healthcare costs covered by Turbocam, Inc.'s plan.

## FOURTEENTH AFFIRMATIVE DEFENSE

The allegations against Defendants do not meet all required elements for liability under section 1557 of the Affordable Care Act, 42 U.S.C. § 18116.

## FIFTEENTH AFFIRMATIVE DEFENSE

The allegations against Defendants do not meet all required elements for liability under federal regulations and case law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is not ripe.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, does not contain a private right of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred to the extent that the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, permits the exclusion at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any damages suffered by Plaintiff was proximately caused by persons and/or entities that are neither agents nor employees of Defendants, and no legal or factual basis exists for imposing liability upon Defendants for the acts or omission of any such other persons and/or entities.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek relief or remedies not available under the Employee Retirement Income Security Act of 1974.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Third party administrators are not covered by section 1557 of the Affordable Care Act, 42 U.S.C. § 18116.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant Harvard Pilgrim Health Care of New England, Inc. has no connection to the allegations in Plaintiff's complaint and is wrongly named.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer and add such additional defenses as become apparent during the course of discovery.

**JURY TRIAL DEMANDED**

Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc. hereby demand a jury trial for all issues so triable.

Respectfully submitted,

Dated:  February 29, 2024

HEALTH PLANS, INC., & HARVARD PILGRIM HEALTH CARE OF NEW ENGLAND, INC.

By its attorneys,

 /s/ *Kathleen M. Mahan*
Kathleen M. Mahan, Esq. (#17124)
Hinckley Allen
650 Elm Street, 5th Floor
Manchester, NH 03101
(603) 225-4334
kmahan@hinckleyallen.com

Michelle Peirce, Esq. (*Admitted Pro Hac Vice*)
Massachusetts Bar No. 557316
Hinckley Allen
28 State Street
Boston, MA 02109
(617) 378-4170
mpeirce@hinckleyallen.com

Lisa A. Zaccardelli (*Admitted Pro Hac Vice*)
Connecticut Bar No. 403041
Hinckley Allen & Snyder, LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
(860) 331-2764
lzaccardelli@hinckleyallen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

 /s/ *Kathleen Mahan*
Kathleen Mahan, Esq.

#64522036