UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| LILLIAN BERNIER,<br><br>  Plaintiff,<br><br>v.<br><br>TURBOCAM, INC., HEALTH PLANS, INC., &<br>HARVARD PILGRIM HEALTH CARE OF<br>NEW ENGLAND, INC.<br><br>  Defendants. | Civil Action No. 1:23-cv-00523 |

### DEFENDANTS HEALTH PLANS, INC. AND HARVARD PILGRIM HEALTH CARE OF NEW ENGLAND, INC.'S PARTIALLY ASSENTED-TO MOTION TO STAY

Through this motion, Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England (collectively, "TPA Defendants[1]") request that the Court stay the Case Management Conference and Discovery Deadlines imposed by Federal Rule of Civil Procedure 26(f). Defendant, Turbocam, Inc. ("Turbocam") assents to this motion though Plaintiff does not. Granting this motion will conserve judicial resources, as well as the parties' resources, because the Court's ruling on Turbocam's recently filed Motion to Dismiss will likely eliminate, or substantially narrow, discovery in this case, as detailed below:

  1. On November 21, 2023, Plaintiff filed her complaint in this case.

  2. The Plaintiff alleges that her employer, Turbocam, wrongfully refuses to cover her care related to gender dysphoria based on an exclusion in Turbocam's self-funded health benefits plan. (Complaint, ¶ 51.) Plaintiff asserts five claims against Turbocam for its failure to

---

[1] As explained below, HPI is the third-party administrator of Turbocam, Inc.'s self-funded health plan; Harvard Pilgrim Health Care of New England has no involvement in this relationship and is wrongly named.

cover her care: Count I – Discrimination on the Basis of Sex – Title VII; Count II – Discrimination on the Basis of Sex – New Hampshire RSA 354-A; Count III – Discrimination on the Basis of Gender Identity – New Hampshire RSA 354-A; Count IV – Discrimination on the Basis of Disability – Americans with Disabilities Act; and, Count V – Discrimination on the Basis of Disability – New Hampshire RSA 354-A.

3. Defendant, Health Plans, Inc., is a third party administrator for employers with self-funded plans, including Turbocam. (*See id*., ¶ 54-55.)[2] Thus, Health Plans, Inc. is not a health insurer but, rather, processes and administers employees' health claims for Turbocam.[3]

4. Under this structure, and unlike a health insurer, Turbocam—not the TPA Defendants—pays its employees' health care costs. (*See id*., ¶ 51.) Accordingly, under no circumstances are the TPA Defendants responsible for Plaintiff's health care costs under Turbocam's health plan; Health Plans, Inc. merely administers the claims consistent with the policy Turbocam has instituted—Turbocam then pays for its employees' care as required under Turbocam's plan.

5. Plaintiff asserts only one count against the TPA Defendants under the Affordable Care Act's Section 1557, 18 U.S.C. § 18116, which, broadly stated, prohibits certain entities that receive federal funding from discriminating in the provision of health care benefits.[4]

6. On February 29, 2024, the TPA Defendants answered the Complaint.

7. On that same day, Turbocam moved to dismiss all counts against it.

---

[2] Health Plans, Inc. does not contract directly with Turbocam, contrary to the allegations in the complaint, but that issue is not relevant to the present motion.
[3] Harvard Pilgrim Health Care of New England, Inc., TPA Defendants will show, has no connection to this matter and is wrongly named.
[4] Section 1557 does not apply to Health Plans, Inc., as set forth in Defendants' Answer.

8. On March 1, 2024, the Court docketed a Notice of Pretrial Conference scheduling a pretrial conference on April 9, 2024, with the parties' discovery plan due on or before April 2, 2024.

9. The pretrial conference and discovery plan filing deadlines are currently scheduled to occur before Turbocam's motion to dismiss the claims against it is briefed and decided—even though Turbocam's motion, if granted in whole or in part, could eliminate the need for any discovery in this case, or at least narrow discovery significantly.

10. The parties cannot engage in preparing an appropriate discovery plan, as Fed. R. Cv. P. 26(f) requires, until the scope and extent of discovery in this action is clarified by the resolution of Turbocam's motion.

11. To conserve judicial resources, as well as the parties' resources, the TPA Defendants respectfully request that the Court stay the pretrial conference and discovery deadlines and, instead, enter the following case management schedule:

- **Case Management Conference** – to be held 30 days after the Court rules on Turbocam's Motion to Dismiss;

- **Deadline for the parties to meet and confer** – 21 days prior to the Case Management Conference. *See* Fed. R. Civ. P. 26(f)(1); and,

- **Deadline for the parties to submit the proposed discovery plan** – 14 days after the meet and confer. *See* Fed. R. Civ. P. 26(f)(4)(B).

12. The TPA Defendants' counsel has conferred with all counsel about this motion. As noted above, Defendant Turbocam assents to the motion; plaintiff does not.

13. The TPA Defendants respectfully state their belief that no memorandum of law to support this motion is needed because this motion includes all applicable authorities.

WHEREFORE, the TPA Defendants respectfully request that this Honorable Court:

A.  Grant this motion;

B.  Approve the Proposed order above; and,

C.  Grant such other and further relief as is deemed just and equitable.

Respectfully submitted,

Dated: March 22, 2024

HEALTH PLANS, INC., & HARVARD PILGRIM HEALTH CARE OF NEW ENGLAND, INC.

By its attorneys,

 /s/ *Kathleen M. Mahan*
Kathleen M. Mahan, Esq. (#17124)
Hinckley Allen
650 Elm Street, 5th Floor
Manchester, NH 03101
(603) 225-4334
kmahan@hinckleyallen.com

Michelle Peirce, Esq. (*Admitted Pro Hac Vice*)
Massachusetts Bar No. 557316
Hinckley Allen
28 State Street
Boston, MA 02109
(617) 378-4170
mpeirce@hinckleyallen.com

Lisa A. Zaccardelli (*Admitted Pro Hac Vice*)
Connecticut Bar No. 403041
Hinckley Allen & Snyder, LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
(860) 331-2764
lzaccardelli@hinckleyallen.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

                                    /s/ *Kathleen Mahan*
                                    Kathleen Mahan, Esq.