# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LILLIAN BERNIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TURBOCAM, INC., HEALTH PLANS, INC., & ) <br> HARVARD PILGRIM HEALTH CARE OF ) <br> NEW ENGLAND, INC. ) <br> ) <br> Defendants. ) | Civil Action No. 1:23-cv-00523 |

## DEFENDANTS HEALTH PLANS, INC. AND HARVARD PILGRIM HEALTH CARE OF NEW ENGLAND, INC.'S REPLY BRIEF TO SUPPORT THEIR PARTIALLY ASSENTED-TO MOTION TO STAY

Defendants Health Plans, Inc. and Harvard Pilgrim Health Care of New England, Inc. (collectively, "TPA Defendants[1]") submit this short reply to arguments plaintiff made in her opposition to TPA Defendants' motion to stay, and reiterate their request that the Court grant the motion to stay.

Plaintiff incorrectly claims that Turbocam has not requested a stay. (Opposition, p.3 n.1.) That is not accurate. Turbocam assented to TPA Defendants' motion, making clear that Turbocam likewise believes that a stay is appropriate and will conserve resources for the Court and the parties. In short, all three defendants are uniform in their contention that a stay is a sensible approach in this complex case.

---

[1] As explained below, Health Plans, Inc. is the third-party administrator of Turbocam, Inc.'s self-funded health plan; Harvard Pilgrim Health Care of New England has no involvement in this relationship and is wrongly named.

The reasons that a stay will impact the shape of discovery—or even the need for discovery at all—are self-evident and compelling. As highlighted in TPA Defendant's motion to stay, TPA Defendants are in many ways peripheral to the current dispute: Under no scenario are the TPA Defendants responsible for plaintiff's healthcare costs under Turbocam's self-insured plan; those costs would be paid by Turbocam if due. TPA Defendants merely adjudicate claims under Turbocam's self-insured health plan—i.e. process the claims in accordance with the terms in plaintiff's health plan issued by Turbocam. That is important background to why the Court's ruling on Turbocam's motion to dismiss will impact the discovery going forward and why a brief stay while the Court addresses the motion to dismiss makes sense.

First, the TPA Defendants are named in only one of the complaint's six counts. If the Court dismisses plaintiff's claims against Turbocam, the scope of the entire case will change, as will the associated discovery. Turbocam will not be part of the discovery plan or discovery; that alone warrants a stay. Furthermore, Turbocam's dismissal would significantly shape the discovery in the remaining, far more narrow, case against the TPA Defendants. Specifically, the discovery for the sole remaining Count against the TPA Defendants under Section 1557 of the Affordable Care Act—unlike the claims at issue in the case presently—will relate to whether TPA Defendants are a "health program or activity" and whether they receive "federal financial assistance." But if discovery is permitted to begin now, before the motion is decided, the TPA Defendants will inevitably be dragged into voluminous and costly discovery related to the Title VII, ADA, and related state claims against Turbocam.

Second, even if the Court does <u>not</u> dismiss the claims against Turbocam, the stay is still the most sensible approach. The Court's ruling on Turbocam's motion to dismiss will give the parties guidance into the Court's view of the law and on the factual areas that need to be

explored through discovery. This guidance on these novel issues of law will no doubt inform and tailor the parties' discovery and perhaps even prompt a resolution. Yet, under plaintiff's view, expansive discovery now, prior to receiving what could be significant guidance from the Court, is appropriate. TPA Defendants disagree.

Third, and significantly, even if Turbocam's motion to dismiss is denied, Turbocam's answer to plaintiff's complaint will also dramatically shape the discovery needed in the case for all parties; moving forward with discovery absent that guidance is wasteful and unnecessary. For example, TPA Defendants are confident that, if Turbocam loses its motion to dismiss, Turbocam will assert a religious-based defense against covering plaintiff's care related to gender dysphoria; indeed, that is precisely what Turbocam argued in plaintiff's earlier case filed with the N.H. Commission for Human Rights.[2] If, as TPA Defendants anticipate, Turbocam asserts a religious defense as it forcefully did at the N.H. Commission, TPA Defendants will ask the Court to adjudicate that critical, threshold issue before allowing broad discovery from TPA Defendants that may be entirely unnecessary. Again, if Turbocam has no defense to paying plaintiff's healthcare costs, the case is materially over.

Nor is plaintiff materially prejudiced by a brief stay while the motion to dismiss is decided. This brief additional stay in discovery will not materially change the speed of the case, especially when balanced against the benefits to the stay highlighted above. On this point, it is significant to note that plaintiff's complaint alleges that she began seeking benefits under Turbocam's plan in October 2020. (Complaint, ¶45.) She did not file her case with the N.H. Commission until December 2022—over two years after her care was denied. *Lillian Bernier v.*

---

[2] Plaintiff removed that case to this Court. Turbocam's website describes its religious mission as follows: https://www.turbocam.com/about/#:~:text=TURBOCAM%20exists%20as%20a%20business,service%20to%20God%20and%20people.

*Turbocam, Inc. and Health Plans, Inc.*, NHCHR No. EDGT 0038-23 (December 16, 2022).[3] Given the pace at which plaintiff pressed her case to date, plaintiff cannot reasonably contend that the additional delay by a brief stay is prejudicial.

The TPA Defendants—supported by Turbocam's assent—request that the Court conserve judicial and the parties' resources by staying discovery until after the Court rules on Turbocam, Inc.'s motion to dismiss.

Respectfully submitted,

Dated:  April 3, 2024

HEALTH PLANS, INC. & HARVARD
PILGRIM HEALTH CARE OF
NEW ENGLAND, INC.

By its attorneys,

 /s/ *Kathleen M. Mahan*
Kathleen M. Mahan, Esq. (#17124)
Hinckley Allen
650 Elm Street, 5th Floor
Manchester, NH 03101
(603) 225-4334
kmahan@hinckleyallen.com

Michelle Peirce, Esq. (*Admitted Pro Hac Vice*)
Massachusetts Bar No. 557316
Hinckley Allen
28 State Street
Boston, MA 02109
(617) 378-4170
mpeirce@hinckleyallen.com

Lisa A. Zaccardelli (*Admitted Pro Hac Vice*)
Connecticut Bar No. 403041
Hinckley Allen & Snyder, LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
(860) 331-2764
lzaccardelli@hinckleyallen.com

---

[3] The case was then removed to federal court on November 21, 2023.

4

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

                                           /s/ *Kathleen Mahan*
                                           Kathleen Mahan, Esq.