UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LILLIAN BERNIER,<br>    Plaintiff<br><br>v.<br><br>TURBOCAM, INC., HEALTH PLANS, INC., &<br>HARVARD PILGRIM HEALTH CARE OF NEW ENGLAND,<br>    Defendants | CIVIL NO. 1:23-CV-00523 |

**DEFENDANT, TURBOCAM, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

The defendant, Tubocam, Inc. ("Defendant"), by and through its undersigned counsel, and hereby answer the plaintiff, Lillian Bernier's ("Plaintiff") Complaint as follows:

1. Defendant states that the allegations contained in this paragraph amounts to an introduction and recreation of the claim to which no response is required. To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

**JURISDICTION AND VENUE**

2. Defendant states that the allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

3. Defendant states that the allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

4.      Defendant states that the allegations contained in this paragraph assert legal conclusions to which no response is required.  To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

5.      Defendant states that the allegations contained in this paragraph assert legal conclusions to which no response is required.  To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

### PARTIES

**Defendant Turbocam, Inc.**

6.      Defendant admits the allegations contained in this paragraph of the Complaint.

7.      Defendant admits the allegations contained in this paragraph of the Complaint.

8.      Defendant denies the allegations contained in this paragraph of the Complaint and demands proof thereof at the time of trial.

9.      Defendant admits the allegations contained in this paragraph of the Complaint.

10.     Defendant admits the allegations contained in this paragraph of the Complaint.

**Defendant Health Plans, Inc.**

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

**Defendant Harvard Pilgrim Health Care of New England, Inc.**

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

**Plaintiff Lillian Bernier**

18. Defendant admits the allegations contained in this paragraph of the Complaint.

19. Defendant admits only that Plaintiff has been continuously employed by Turbocam since June 2019.  Defendant denies the remaining allegations and demands proof thereof at the time of trial.

20. Defendant admits only that the Plaintiff was eligible for participation in a health benefits plan sponsored by Turbocam, Inc. and administered by Health Plans, Inc., and that Plaintiff has been enrolled in the plan during Plaintiff's employment, subject to the terms and conditions of the plan. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

21. Defendant admits the allegations contained in this paragraph of the Complaint.

## FACTS

### Gender Dysphoria and its Treatment

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

**Lilian Bernier's Employment and the Impact of the Plan Exclusion**

39. Defendant admits only that Plaintiff began working at Turbocam, Inc. on June 3, 2019 and has been employed by Turbocam continuously since that time. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

40. Defendant admits the allegations contained in this paragraph of the Complaint.

41. Defendant admits the allegations contained in this paragraph of the Complaint.

42. Defendant admits only that the Plaintiff worked during the COVID pandemic, but denies the remaining allegations and demands proof thereof at the time of trial.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

47. The allegations detailed in this paragraph purport to set forth, construe, or paraphrase the content of the Plan, a written document, which speaks for itself. Defendant denies that the allegations detailed in this paragraph completely and accurately construe and paraphrase that written document and call upon the Plaintiff to prove same at the time of trial.

48. Defendant admits only that one of fifty-two enumerated exclusions detailed in the Plan is for gender dysphoria treatment. To the extent that a response is required to any allegations of fact, Defendant denies the allegations and demands proof thereof at the time of trial.

49.     Denied as stated.  Defendant admits only that the Plan currently contains fifty-two enumerated exclusions.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

**HPI and Harvard Pilgrim's Role in Administering Turbocam's Health Benefits Plan**

51.     Defendant admits only that the Plaintiff was offered participation in a health benefits plan sponsored by Turbocam, Inc. and administered by Health Plans, Inc.  Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

52.     Defendant admits the allegations contained in this paragraph of the Complaint.

53.     Defendant denies the allegations contained in this paragraph of the Complaint.

54.     Defendant denies the allegations contained in this paragraph of the Complaint.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

## CAUSES OF ACTION

### COUNT I

### Discrimination on the Basis of Sex – Title VII
### Against Turbocam

59. Defendant repeats and restates the averments contained in paragraphs 1 through 58, as if specifically set forth herein.

60. Defendant states that the allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

61. Defendant denies the allegations contained in this paragraph of the Complaint and demands proof thereof at the time of trial.

### COUNT II

### Discrimination on the Basis of Sex – New Hampshire RSA 354-A
### Against Turbocam

62. Defendant repeats and restates the averments contained in paragraphs 1 through 61, as if specifically set forth herein.

63. Defendant denies the allegations contained in this paragraph of the Complaint and demands proof thereof at the time of trial.

### COUNT III

### Discrimination on the Basis of Gender Identity – New Hampshire RSA 354-A
### Against Turbocam

64. Defendant repeats and restates the averments contained in paragraphs 1 through 63, as if

specifically set forth herein.

65. Defendant denies the allegations contained in this paragraph of the Complaint and demands proof thereof at the time of trial.

## COUNT IV

### Discrimination on the Basis of Disability – Americans with Disabilities Act Against Turbocam

66. Defendant repeats and restates the averments contained in paragraphs 1 through 65, as if specifically set forth herein.

67. Defendant states that the allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

74.     Defendant denies the allegations contained in this paragraph of the Complaint and demands proof thereof at the time of trial.

## COUNT V

### Discrimination on the Basis of Disability – New Hampshire RSA 354-A
### Against Turbocam

75.     Defendant repeats and restates the averments contained in paragraphs 1 through 74, as if specifically set forth herein.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the allegations and demands proof thereof at the time of trial.

78.     Defendant denies the allegations contained in this paragraph of the Complaint and demands proof thereof at the time of trial.

## COUNT VI

### Discrimination on the Basis of Sex and Disability – Affordable Care Act § 1557 Against HPI and Harvard Pilgrim

79. Defendant repeats and restates the averments contained in paragraphs 1 through 78, as if specifically set forth herein.

80. As the allegations set forth at this paragraph are not directed at this Defendant, no response is required. To the extent that a response is required, the Defendant denies the allegations and demands proof thereof at the time of trial.

81. As the allegations set forth at this paragraph are not directed at this Defendant, no response is required. To the extent that a response is required, the Defendant denies the allegations and demands proof thereof at the time of trial.

82. As the allegations set forth at this paragraph are not directed at this Defendant, no response is required. To the extent that a response is required, the Defendant denies the allegations and demands proof thereof at the time of trial.

83. As the allegations set forth at this paragraph are not directed at this Defendant, no response is required. To the extent that a response is required, the Defendant denies the allegations and demands proof thereof at the time of trial.

84. As the allegations set forth at this paragraph are not directed at this Defendant, no response is required. To the extent that a response is required, the Defendant denies the allegations and demands proof thereof at the time of trial.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

85. Defendant admits the allegations contained in this paragraph of the Complaint.

86. Defendant states that the allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

87. Defendant states that the allegations contained in this paragraph assert legal conclusions to which no response is required. To the extent that a response to any factual assertion is required, Defendant denies the allegations and demand proof thereof at the time of trial.

## RELIEF REQUESTED

To the extent that the ad damnum clause, including paragraphs (1) through (6), make allegations of fact against the Defendant, the allegations are denied and proof thereof is demanded at the time of trial. Defendant further denies that the Plaintiff is entitled to the equitable or injunctive relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to set forth a *prima facie* case of discrimination on the basis of sex, gender identity and/or disability in violation of any state or federal law.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff based on sex, gender identity or disability in violation of RSA 354-A, et seq., the Americans with Disabilities Act, Title VII of the Civil Rights Act, or any other federal or state statute or common law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims must fail because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-pretextual business reasons, absent any retaliatory animus, malice or improper means or motive.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part because Plaintiff has failed, refused, and/or neglected to take reasonable steps to mitigate injuries or damages, if any, thus barring or diminishing any recovery.

**SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the Defendant says that if the Plaintiff suffered damages, as alleged, such damages were caused by Plaintiff's own acts, omissions, and course of conduct, and were not caused by any actions or inactions of the Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the permanent injunction issued in Christian Employers Alliance v. EEOC et al., No. 1:21-CV-195, 2024 WL 935591 (D.N.D. Mar. 4, 2024); by the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb et seq.; by the First Amendment to the United States Constitution; by Article V of Part 1 of the New Hampshire Constitution; and by ERISA § 514(a).

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant has at all times acted reasonably and in good faith and in compliance with all laws and has otherwise satisfied its obligation toward Plaintiff under state and federal laws.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment of the United States Constitution, including but not limited to the religion clauses, free speech clause, and/or the freedom of association clause.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by statutory exceptions, exclusions or exemptions in RSA 354-A, et seq., the Americans with Disabilities Act, Title VII of the Civil Rights Act, or any other federal or state statute.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the New Hampshire Constitution, including but not limited to Articles 4, 5, and 22 of Part 1.

### TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because gender dysphoria is not a disability under the Americans with Disabilities Act or RSA 354-A, et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the exclusion is not sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, for lack of damages and/or injury in fact.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because Defendant has undertaken good faith efforts to comply with all laws prohibiting discrimination in the workplace.

**SIXTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the Defendant says that this action is barred by the doctrines of estoppel, waiver, unclean hands, and laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

**NINTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages violates the U.S. Constitution and the New Hampshire Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks relief not available under ERISA.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Plaintiff has received all benefits to which Plaintiff is entitled under the terms of Turbocam's health benefits plan, and has not been denied any benefit to which Plaintiff is entitled under the plan.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant intends to rely upon such other and further defenses as may become available or apparent during these proceedings and hereby reserves the right to amend its Response and to assert any such defense.

Respectfully Submitted,

TURBOCAM, INC.,
By and through its attorneys,

*/s/ Bethany P. Minich*
Bethany P. Minich, N.H. Bar # 265413
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
Tel. (781) 309-1500
minich@litchfieldcavo.com

Roger L. Byron*
Texas State Bar No. 2462643
First Liberty Institute
2001 West Plano Parkway, Suite 1600
Plano, Texas 75075
Telephone: 972/941-4444
*Admitted Pro Hac Vice
rbyron@firstliberty.org

## CERTIFICATE OF SERVICE

    I, Bethany P. Minich, hereby certify that on June 17, 2024, the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Bethany P. Minich
_____
Bethany P. Minich