# **EXHIBIT 5**

Defendant Turbocam, Inc.'s Objections to Plaintiff's 30(b)(6) Deposition Topics

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LILLIAN BERNIER,<br><br>Plaintiff,<br><br>v.<br><br>TURBOCAM, INC.,<br><br>Defendant. | Civil Action No. 1:23-cv-00523-LM-AJ |

### TURBOCAM, INC.'S OBJECTION TO PLAINTIFF'S 30(B)(6) DEPOSITION TOPICS

Defendant, Turbocam, Inc., (herby "Turbocam") provides the following objections and response to Plaintiff's Notice of Deposition of Representative of Turbocam, Inc. Under Fed.R.Civ.P. 30(b)(6):

1. The individuals and entities who have an ownership interest in, make decisions for, control the operations of, and share in the profits of Defendant Turbocam, Inc.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf; and (c) it appears to encompass subjects on which inquiry would be barred or limited based on the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Turbocam designates Marian B. Noronha to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

2. The health benefits plans through which Defendant Turbocam, Inc. has provided any health or medical benefits coverage to its employees from 2015 to present, including the coverage offered by such plans and any limitations or exclusions in such plans.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf; and (c) it appears to encompass subjects on which inquiry would be barred or limited based on the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Turbocam designates Pete Hanson to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

3. The reasons that Defendant Turbocam, Inc. established and implemented a self-funded health benefits plan in or about 2020 or 2021.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); and (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf.

Subject to and without waiving its objections, Turbocam designates Pete Hanson to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

4. Any and all reasons that Defendant Turbocam, Inc. excluded coverage of any or all treatment of gender dysphoria in any of its self-funded health benefits plans from 2020 to present.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); and (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf.

Subject to and without waiving its objections, Turbocam designates Pete Hanson to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

5. All discussion about and consideration of covering, limiting coverage for, or excluding from coverage treatment of gender dysphoria or gender transition medical care for employee Lillian Bernier and all reasons therefor.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf; and (c) it appears to encompass subjects on which inquiry would be barred or limited based on the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Turbocam designates Pete Hanson to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

6. Turbocam's relationship with CGI Business Solutions from 2015 to present.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); and (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf.

Subject to and without waiving its objections, Turbocam designates Pete Hanson to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

7. Turbocam's relationship with Harvard Pilgrim Health Care and HPI (Health Plans, Inc.) from 2015 to present.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); and (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf.

Subject to and without waiving its objections, Turbocam designates Pete Hanson to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

8. Turbocam's mission statement and its implementation in the course of company operations and with respect to employees.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf; and (c) it appears to encompass subjects on which inquiry would be barred or limited based on the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Turbocam designates Marian B. Noronha to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

9. The scope, terms, operation, and implementation of Turbocam's Opt-Out bonus related to employee health benefits coverage as specified in Turbocam's Answer No. 20 to Plaintiff's First Set of Interrogatories.

**Response**: Turbocam objects to this statement of topic on the grounds that (a) it exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); (b) it is unduly vague and ambiguous, and does not provide a reasonable basis on which Turbocam can be expected to designate a witness, or provide the witness with information necessary to testify on Turbocam's behalf; and (c) it appears to encompass subjects on which inquiry would be barred or limited

based on the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving its objections, Turbocam designates Pete Hanson to testify as to information reasonably known to Turbocam and reasonably available to it concerning this topic.

                                                             Respectfully Submitted,

                                                             DEFENDANT, TURBOCAM, INC.,
                                                             By and through its attorneys,

                                                             */s/ Bethany P. Minich*
                                                             Bethany P. Minich, N.H. Bar # 265413
                                                             Litchfield Cavo LLP
                                                             6 Kimball Lane, Suite 200
                                                             Lynnfield, MA 01940
                                                            Tel. (781) 309-1500
                                                            minich@litchfieldcavo.com

                                                            Roger L. Byron*
                                                            Texas State Bar No. 2462643
                                                            First Liberty Institute
                                                            2001 West Plano Parkway, Suite 1600
                                                            Plano, Texas 75075
                                                            Telephone: 972/941-4444
*Admitted Pro Hac Vice               rbyron@firstliberty.org

## **CERTIFICATE OF SERVICE**

      I, Bethany P. Minich, hereby certify that on March 26, 2025, the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

      /s/ Bethany P. Minich
      _____