# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

LILLIAN BERNIER,

Plaintiff,

v.

TURBOCAM, INC., HEALTH PLANS,
INC., & HARVARD PILGRIM HEALTH
CARE OF NEW ENGLAND, INC.

Defendants.

Civil Action No. 1:23-cv-00523-LM-AJ

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TURBOCAM, INC.'S MOTION TO SEAL EXHIBITS

On August 25, 2025, the Defendant Turbocam, Inc. ("Turbocam") filed its Motion to Exclude Testimony of Randi Ettner, Ph.D. (ECF No. 71) and its Motion to Seal Exhibits Filed in Support of Turbocam's Motion to Exclude Testimony of Randi Ettner (ECF No. 72). The Plaintiff Lillian Bernier opposes Turbocam's Motion to Seal (ECF No. 72) studies supporting the Plaintiff's expert's testimony for the reasons set forth below.[1]

Courts in the United States recognize a strong presumption of public access to judicial records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98 (1978). This presumption reflects the principle that transparency fosters accountability, enhances the quality of judicial decision-making, and bolsters public confidence in the judicial process. See *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 508 (1984) ("Openness . . . enhances . . . the appearance of fairness so essential to public confidence in the system."). While the right of

---

[1] For clarity, none of the documents that Turbocam seeks to seal are cited by the Plaintiff in the Plaintiff's Motion for Summary Judgment or by Dr. Ettner in her supporting declaration. *See* Declaration of Randi Ettner, Ph.D. (ECF No. 65-4).

access is not absolute, a court's restrictions generally may be justified only by a compelling interest and must be narrowly tailored to serve that interest.[2] *Globe Newspaper Co. v. Superior Court of Massachusetts*, 457 U.S. 596, 606–07 (1982).

In its motion, Turbocam argues that the studies should be sealed because "they are subject to copyright protection and are only available from scientific journals by paid subscription or through individual purchase." Turbocam cites no case law, statute, or rule that would even permit, let alone mandate, sealing these documents, which Turbocam cites in support of its motion to exclude the Plaintiff's expert's testimony. The Plaintiff is not aware of any lawful basis for sealing these documents, especially given that scientific reports are routinely filed as exhibits to pleadings in litigation, even when published in journals subject to copyright protection and cannot easily be accessed without payment.

Federal courts in other jurisdictions have held that the use of copyrighted materials in litigation is protected by the fair use doctrine and therefore does not justify sealing. *E.g.*, *Bond v. Blum*, 317 F.3d 385, 395 (4th Cir. 2003) (fair use finding where plaintiff's copyrighted manuscript submitted as evidence in child custody proceeding); *Jartech, Inc. v. Clancy*, 666 F.2d 403, 407 (9th Cir. 1982) (fair use finding where copyrighted films submitted as evidence of nuisance abatement). The fair use doctrine, codified at 17 U.S.C. § 107, permits the reproduction of copyrighted works for purposes such as commentary, scholarship, reporting, and research, and courts have recognized that litigation-related uses fall squarely within its scope. *See Hollander v. Swindells-Steinberg*, 2010 U.S. Dist. LEXIS 22309, at *9–11 (E.D.N.Y. Mar. 11, 2010) (challenge to attorney who submitted plaintiffs' copyrighted essays as evidence) , aff'd, 419 F. App'x 44 (2d Cir. 2011); *Jartech, Inc.*, 666 F.2d at 406 (9th Cir. 1982); *Shell v. DeVries*, No. 06-cv-318, 2007 U.S.

---

[2] For example, courts somtimes seal documents containing sensitive medical information about an individual or trade secrets.

Dist. LEXIS 6967, at *6 (D. Colo. Jan. 30, 2007) (adopting magistrate recommendation), aff'd, 293 F. App'x 588 (10th Cir. 2008). In applying the statutory factors, these courts have stressed that, as here, the purpose of filing materials in court is noncommercial and adjudicative, the works are generally factual or evidentiary in nature, complete reproduction is often necessary to preserve context, and such use has no adverse effect on any commercial market. *See Jartech*, 666 F.2d at 406; *Shell*, 2007 WL 324592, at *6. Together, these considerations confirm that copyright does not provide a basis to overcome the strong presumption of public access, as litigation use of copyrighted works is precisely the type of fair use that both Congress and the courts have recognized as essential to the integrity of the judicial process.

The presumption of judicial openness is a critical component of the fair and transparent administration of justice. In addition, of particular note in this matter, Turbocam has asserted that the opinions of the Plaintiff's expert are not supported by sound scientific evidence. The Plaintiff intend to rebut that assertion, but principles of judicial openness and fairness require that the public be able examine the exhibits that Turbocam relies on.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Seal Exhibits Filed in Support of Turbocam's Motion to Exclude Testimony of Randi Ettner should be denied.

Date: August 27, 2025

Respectfully submitted,

*/s/ Chris Erchull*
Chris Erchull (N.H. Bar No. 266733)
Bennett Klein (Mass. Bar No. 550702)
Michael Haley (N.H. Bar No. 270236)
GLBTQ Legal Advocates & Defenders
18 Tremont St. Ste. 950
Boston, MA 02108
(617) 426-1350
cerchull@gladlaw.org
bklein@gladlaw.org
mhaley@gladlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

*/s/ Chris Erchull*
Chris Erchull