# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LILLIAN BERNIER<br>   *Plaintiff*,<br><br>v.<br><br>TURBOCAM, INC.,<br>   *Defendant*. | CA No. 1:23-cv-00523-LM-AJ |

**REPLY IN SUPPORT OF TURBOCAM, INC.'S OPPOSED
MOTION TO SEAL EXHIBITS FILED IN SUPPORT OF
MOTION TO EXCLUDE TESTIMONY OF RANDI ETTNER, PH.D.**

  Defendant Turbocam, Inc. ("Turbocam") moved, pursuant to Local Rule of Civil Procedure 83.12 and Paragraph 6 of the Protective Order in this case, to seal at "Level I" certain paywalled, copyrighted, and licensed studies filed in support of its motion to exclude the testimony of Plaintiff Lillian Bernier's proffered expert, psychologist Randi Ettner. Bernier opposes Turbocam's motion to seal, but the opposition lacks merit, and the Court should grant Turbocam's motion to seal.

  First, Bernier's appeal to a "strong presumption of public access to judicial records," Plaintiff's Memorandum of Law in Opposition to Defendant Turbocam, Inc.'s Motion to Seal Exhibits, Doc. 78 (Aug. 27, 2025) ("Opp.") at 1, overlooks that Turbocam is moving to seal copyrighted, "pay-walled" research papers that Turbocam purchased subject to certain terms and conditions. In other words, these are products that the public must pay for. As an example, full access to "Sexual differentiation of the human brain: Relation to gender identity, sexual orientation

1

and neuropsychiatric disorders" costs $24.95.[1] Its purchase is subject to certain terms and conditions that, among other things, prohibit copying, displaying, publishing, or reproducing the "products" sold through Science Direct's owner, Elsevier. *See* Elsevier, Terms and Conditions, Using our services (June 10, 2025).[2] Turbocam is not seeking to seal court filings where the studies are merely referenced or quoted. Instead, it is seeking to comply with terms and conditions that effectively prohibit Turbocam from giving away a paid product for free, or nearly free, as would happen if the studies were posted on PACER.

     Second, Bernier misunderstands copyright law. As an initial matter, Bernier ignores that the Digital Millenium Copyright Act prohibits persons from taking steps to "avoid, bypass, deactivate, or impair" a paywall protecting a copyrighted work regardless of whether use of the work would be deemed fair use. 17 U.S.C. § 1201(a)(1), (b)(3)(A); *see MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 952 (9th Cir. 2010) (holding a plaintiff need not prove infringement to establish a cause of action under 17 U.S.C. § 1201(a)(2)). Posting the studies on PACER would do just that: impair the paywall by allowing access to the studies at a much lower PACER fee.

     Bernier also misunderstands the fair-use doctrine. The fair use doctrine is an *affirmative defense* to an action for copyright infringement. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). It is also a four-factor balancing test, not a blank check to reproduce copyrighted works in litigation as Bernier erroneously believes. *See Hollander v. Swindells-Donovan*, 2010 WL 844588, at *3 (E.D.N.Y. Mar. 11, 2010) (copyrighted evidentiary submissions are considered on a case-by-case basis and "courts have not announced a *per se* rule"); *Shell v. DeVries*, 2007 WL

---

[1]   *See* Science Direct, *available at*, https://www.sciencedirect.com/getaccess/pii/S0091302211000252/purchase.

[2]  *Available at* https://www.elsevier.com/legal/elsevier-website-terms-and-conditions.

2

324592, at *3 (D. Colo. Jan. 31, 2007) (*rejecting* blanket fair use exemption for judicial use of copyrighted materials).

Under the fair use doctrine, the copyright owner's exclusive rights yield to "fair use" only for certain uses ("criticism, comment, news reporting, teaching … scholarship, or research") and only after courts consider four factors on a case-by-case basis: "(1) the purpose and character of the use … (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a hole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. Although fair use doctrine would likely protect quoting from copyrighted research papers in most circumstances, reproducing papers *en toto* via PACER, as Bernier demands, would raise difficult questions that remain unresolved in this circuit. *See* 17 U.S.C. § 107(3) (fair use permitted, in part, based on "the amount and substantiality of *the portion used* in relation to the copyrighted work" as a whole) (emphasis added).

None of Bernier's cited cases justify denying Turbocam's motion. As an initial matter, none of these cases even deal with the Digital Millenium Copyright Act's prohibition against impairing a paywall. And they provide little guidance on the fair-use question. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 592–94 (1978), granted access to non-copyrighted audio tapes played in open court. *Hollander v. Swindells-Donovan*, 2010 WL 844588, at *1–2, involved publicly and freely available essays illustrating the attorney-author's personal beliefs that were relevant to motions he filed in litigation. The court granted the defendants' fair use affirmative defense, in part, because attaching the essays as exhibits could not impact the marketability of freely distributed essays. That is very different than distributing "paywalled" research papers for free, or nearly free, via PACER. *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982), involved a

3

municipality's use of stills from a movie to determine if it violated an obscenity ordinance, not the public reproduction of the film for free. *Shell v. DeVries*, 2007 WL 324592, involved one party's use of another party's public website as an exhibit, not the use of third party "paywalled" materials subject to terms and conditions barring distribution.[3] And except for *Nixon*, which is irrelevant here, none of the cases are precedential in this circuit.

Last, Bernier claims that the research papers need to be freely available so the "public" may "examine the exhibits that Turbocam relies on." Bernier, Turbocam, and the Court will have full access to the research papers even when under seal, and this Court will determine the merits of the motion to exclude, not the public. And regardless, the public has access to the articles, which are publicly available at a price.

## CONCLUSION

For the foregoing reasons, the Court should seal the exhibits listed above so they may be provided Level I protection.

---

[3] Further, some of Bernier's cited cases pre-dated inexpensive electronic access to court records. Those courts never grappled with the ease of electronically downloading and distributing copyrighted material.

4

          Respectfully Submitted,

          Defendant, Turbocam, Inc.
          By its attorneys,

| | |
|---|---|
| James R. Conde* | */s/ Bethany P. Minich* |
| D.C. Bar No. 1031694 | Bethany P. Minich |
| BOYDEN GRAY PLLC | N.H. Bar No. 265413 |
| 800 Connecticut Avenue NW, Suite 900 | LITCHFIELD CAVO LLP |
| Washington, DC 20006 | 6 Kimball Lane, Suite 200 |
| Telephone: (202) 955-0620 | Lynnfield, MA 01940 |
| jconde@boydengray.com | Telephone: (781) 309-1500 |
| | minich@litchfieldcavo.com |
| | |
| | Roger L. Byron* |
| * Admitted Pro Hac Vice | Texas State Bar No. 24062643 |
| | Telephone: (972) 941-4444 |
| | rbyron@firstliberty.org |
| | E. Cliff Martin* |
| | Texas State Bar No. 24127208 |
| | Telephone: (469) 440-7590 |
| | cmartin@firstliberty.org |
| | FIRST LIBERTY INSTITUTE |
| | 2001 West Plano Parkway, Suite 1600 |
| | Plano, Texas 75075 |
| | |
| | ***Counsel for Defendant*** |
| | *Turbocam, Inc.* |

Dated: September 3, 2025

## CERTIFICATE OF SERVICE

I, Bethany P. Minich, hereby certify that on September 3, 2025, the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Bethany P. Minich*
Bethany P. Minich