# **<u>EXHIBIT 2</u>**

Turbocam's Interrogatory Responses

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LILLIAN BERNIER,<br><br>Plaintiff,<br><br>v.<br><br>TURBOCAM, INC.,<br><br>Defendants. | Civil Action No. 1:23-cv-00523-LM-AJ |

**DEFENDANT TURBOCAM, INC.'S ANSWERS TO
PLAINTIFF LILLIAN BERNIER'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, the Defendant, Turbocam, Inc. ("Turbocam") answers the Plaintiff, Lillian Bernier's interrogatories as follows:

**Interrogatory No. 1**

Please identify any and all corporate entities in the United States in which Marion B. Noronha has had any ownership interest (excluding publicly traded corporations), directly or indirectly, from 1985 to present, or been an officer or director in a corporate entity, and state the name of the entity (and any changes of name), any registered trade name, the form of the corporate entity, the date the entity was incorporated or formed, and Marion B. Noronha's ownership interest in the corporate entity.

**Answer to Interrogatory No. 1**

Turbocam, by and through its attorneys, objects to this interrogatory on the grounds that it is overly broad and seeks information that is irrelevant to the claims or defenses asserted in this matter, is not proportional to the needs of the case and is not reasonably calculated to lead to the discovery of admissible evidence per Fed. R.Civ.P. 26(b). Subject to and without waiving the foregoing objections, Turbocam states as follows:

See chart, identifying ownership interests, which is attached hereto and incorporated herein by reference pursuant to Fed.R.Civ.P. 33(d)(1).

**Interrogatory No. 2**

For each corporate entity identified in response to Interrogatory Number 1, identify all other persons having at any time any ownership interest, direct or indirect, in the entity, and the directors and officers of such entity.

Erik Travis, Director of Financial Planning & Analysis
DOH: 4/25/2011

**Interrogatory No. 12**

Identify and describe all communications among or between any of Turbocam's personnel or consultants, including officers, directors, employees, agents, contractors or brokers, and Plaintiff Lillian Bernier, about or concerning any Gender Dysphoria Exclusion (see Definitions Section) and include the date and parties to the communication, the mode of communication (e.g., email, text, phone, in person conversation) and the substance of the communication.

**Answer to Interrogatory No. 12**

Turbocam, by and through its attorneys, objects to this interrogatory on the grounds that it is overly broad and seeks information that is irrelevant to the claims or defenses asserted in this matter, is not proportional to the needs of the case and is not reasonably calculated to lead to the discovery of admissible evidence per Fed. R.Civ.P. 26(b).  Subject to and without waiving the foregoing objections, Turbocam states as follows:

Peter Hanson, Director of Talent Development, met with the Plaintiff and Maya Jiman to discuss transition plans on March 30, 2022.  Mr. Hanson and Darika Marino, Sr. Benefits Specialist also communicated with the Plaintiff about plan coverage via email.  Copies of electronic communications will be made available and are incorporated herein by reference pursuant to Fed.R.Civ.P. 33(d)(1).

**Interrogatory No. 13**

Identify and describe all communications from January 2015 to present among and between Turbocam's personnel or consultants, including officers, directors, employees, agents, contractors, or brokers, about or concerning any Gender Dysphoria Exclusion or the exclusion of treatment for gender dysphoria in Turbocam's health benefits plans, including the decision whether and how to establish such an exclusion, and include the name of the individuals involved in the communication, the date of the communication, the substance of the communication, and the mode of communication (e.g., email, text, phone, in person conversation).

**Answer to Interrogatory No. 13**

Turbocam, by and through its attorneys, objects to this interrogatory on the grounds that it is overly broad and seeks information that is irrelevant to the claims or defenses asserted in this matter, is not proportional to the needs of the case and is not reasonably calculated to lead to the discovery of admissible evidence per Fed. R.Civ.P. 26(b).  Turbocam further objects to this request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, as work product, or as material prepared in anticipation of litigation.  Subject to and without waiving the foregoing objections, Turbocam states as follows:

Turbocam had no such communications. Rather, when converting from the fully insured Harvard Pilgrim plan to the HPI self-insured plan in 2021, Turbocam simply used the wording provided by HPI in the generic/standard plan document they provided. Prior to this, there had always been exclusions for some Gender Reassignment Surgeries and Transgender Health Services, even when Turbocam had a fully insured plan.

On March 29, 2021, Turbocam consulted with counsel about the exclusions. Thereafter, on April 13, 2022, Pete Hanson, Darika Marino, Marian Noronha and Doug Patteson met to discuss the exclusions in the medical plan, specifically related to Gender Dysphoria. During the meeting, there was a discussion around the scope of the exclusions, including whether therapy would be included or excluded.

**Interrogatory No. 14**

Identify and describe all communications from January 2015 to present between any of Turbocam's personnel, including employees, officers, and directors, and any third party or other person or entity, including but not limited to consultants, brokers, and third party administrators, about or concerning any Gender Dysphoria Exclusion or the exclusion of treatment for gender dysphoria in Turbocam's health benefits plans, including the decision whether and how to establish such an exclusion, and include the name of the individuals involved in the communication, the date of the communication, the substance of the communication, and the mode of communication (e.g., mail, text, phone, in person conversation).

**Answer to Interrogatory No. 14**

Turbocam, by and through its attorneys, objects to this interrogatory on the grounds that it is overly broad and seeks information that is irrelevant to the claims or defenses asserted in this matter, is not proportional to the needs of the case and is not reasonably calculated to lead to the discovery of admissible evidence per Fed. R.Civ.P. 26(b). Turbocam further objects to this request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, as work product, or as material prepared in anticipation of litigation. Subject to and without waiving the foregoing objections, Turbocam states as follows:

See Answer to Interrogatory No. 13.

**Interrogatory No. 15**

Identify and describe all communications from January 2015 to present between Turbocam's personnel, including employees, officers, or directors, and any personnel from Health Plans, Inc. ("HPI") ( or any entity related to Harvard Pilgrim Healthcare) or CGI Business Solutions, regarding or concerning any Gender Dysphoria Exclusion or exclusion of treatment for gender dysphoria in Turbocam's health benefits plan, including the decision whether and how to establish such an exclusion, and state the name of the individuals involved in the communication, the date of the communication, the substance of the communication, and the mode of communication (e.g., email, text, phone, in person conversation).

The above Answers to Interrogatories are true and complete to the best of my knowledge.

Date: 02 JAN 2025

_____
Defendant, Turbocam, Inc.
DULY AUTHORIZED - PRESIDENT


STATE OF NEW HAMPSHIRE
COUNTY OF Strafford                           02 JANUARY, 2025

    Personally appeared, before me, the above stated representative of the defendant and made oath that the statements by him/her subscribed are true to the best of his/her knowledge and belief.

_____
Justice of the Peace/Notary Public

BRITTANY D. LAMPE
Notary Public, State of New Hampshire
My Commission Expires 2/22/2028

Defendant,
Turbocam, Inc.
By Its Attorney,

/s/ Bethany P. Minich
_____
Bethany P. Minich, NH Bar # 265413
Litchfield Cavo, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500
minich@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, this document was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Bethany P. Minich
_____
Bethany P. Minich