UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lillian Bernier

    v.                                                Civil No. 23-cv-523-LM-AJ
                                                            Opinion No. 2025 DNH 140 P

Turbocam, Inc.

**O R D E R**

Plaintiff Lillian Bernier brings this action against her employer, Turbocam, Inc. ("Turbocam"), alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a). Bernier, a transgender woman, claims that Turbocam discriminated against her by refusing to provide her with health insurance coverage for gender-affirming care. Presently before the court is Turbocam's motion to seal (doc. no. 72) certain documents offered in support of its motion to exclude testimony from Bernier's expert, Randi Ettner, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and its progeny. Bernier objects. Doc. no. 78. For the following reasons, Turbocam's motion to seal (doc. no. 72) is denied.

**DISCUSSION**

"[T]he public has a common-law right of access to judicial documents." In re Providence J. Co., Inc., 293 F.3d 1, 9 (1st Cir. 2002); accord Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). This presumptive right of access extends "to those materials 'which properly come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication.'" Lieber v.

Marquis Mgmt., LLC, 691 F. Supp. 3d 334, 341 n.1 (D.N.H. 2023) (quoting Providence J., 293 F.3d at 9). The public's right of access to a particular judicial document does not depend on whether the court actually relies upon the document in issuing its ruling. United States v. Kravetz, 706 F.3d 47, 58 (1st Cir. 2013); see also Roy v. FedEx Ground Package Sys., Inc., No. 3:17-cv-30116-KAR, 2024 WL 2025763, at *2 (D. Mass. May 7, 2024) ("[W]hen documents are filed in connection with a substantive motion, a court cannot freely seal documents even if the court did not actually rely on those documents to rule on the motion.").

Because "'public monitoring of the judicial system fosters the important values of quality, honesty, and respect for our legal system,' . . . the party seeking to seal documents must 'demonstrate significant countervailing interests.'" United States v. Jacques, Crim. No. 24-cr-19-PB-TSM-1, 2024 WL 4802463, at *1 (D.N.H. Nov. 15, 2024) (first quoting Kravetz, 706 F.3d at 52, and then quoting Bradford & Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 445, 448 (D. Mass. 2015)). When considering a motion to seal a judicial document, "a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that 'only the most compelling reasons can justify non-disclosure.'" Kravetz, 706 F.3d at 59 (quoting Providence J., 293 F.3d at 10).

In this case, Turbocam seeks to seal several academic publications it has filed in support of its motion to exclude certain of Ettner's testimony under Daubert. Turbocam asserts that Ettner's opinions are unreliable and seeks for this court to

2

review publications upon which Ettner bases her opinions. According to Turbocam, these publications are subject to copyright and paywall protections, as well as their respective journals' terms and conditions, such that they may not be made publicly available via CM/ECF or otherwise. In essence, Turbocam contends that this court must seal these publications in order to protect Turbocam from copyright and contractual liability.

Turbocam fails to show a "most compelling reason[ ]" sufficient to overcome the presumption of public access to judicial documents. Id. (quoting Providence J., 293 F.3d at 10). As an initial matter, Turbocam's intended use of the publications at issue would likely qualify as a "fair use" under copyright law. 17 U.S.C. § 107. "Overwhelming legal authority indicates that use of a copyrighted work in judicial proceedings generally cannot support a claim of copyright infringement." Mizioznikov v. Forte, Civ. No. 16-61616-Civ-Scola, 2017 WL 5642383, at *4 (S.D. Fla. Mar. 27, 2017) (collecting cases); accord, e.g., 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13F.15[B][1] (Matthew Bender, rev. ed.) ("Works are customarily reproduced in various types of judicial proceedings, . . . and it seems inconceivable that any court would hold those reproductions to constitute infringement either by the government or by the individual parties responsible for offering the work in evidence." (footnote omitted)).

To the extent Turbocam is concerned that its intended use would run afoul of the Digital Millenium Copyright Act, 17 U.S.C. § 1201(a)(1), or the respective journals' terms and conditions, Turbocam has failed to show that sealing these

3

publications is necessary to protect "[i]mportant countervailing interests." Kravetz, 706 F.3d at 59 (quoting Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)). Litigants routinely attach to their public filings news reports and other documents subject to similar paywalls and contractual protections. Turbocam fails to demonstrate that it is likely to face liability if the publications it is asking this court to consider are kept in the court's public file.

Bernier alleges that Turbocam, her employer, violated her rights under Title VII and the ADA and engaged in sex-based discrimination by excluding gender-affirming care from Turbocam's employer-sponsored health insurance plan. Bernier's claims implicate issues of public significance, and the public has a substantial interest in accessing the materials upon which this court relies in deciding such issues. In the absence of any showing that Turbocam is likely to face liability if its filings remain public, the court concludes that Turbocam has failed to overcome the strong presumption in favor of public access.

## CONCLUSION

For these reasons, Turbocam's motion to seal (doc. no. 72) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 9, 2025
cc:     Counsel of Record