# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LILLIAN BERNIER, | |
|     Plaintiff, | |
| v. | Civil Action No. 1:23-cv-00523-LM-AJ |
| TURBOCAM, INC., | |
|     Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE TURBOCAM'S DECLARATION OF PETER HANSON IN SUPPORT OF TURBOCAM'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Lillian Bernier submits this Reply to Turbocam's Opposition to Plaintiff's Motion to Strike Turbocam's Declaration of Peter Hanson in Support of Turbocam's Reply in Support of its Cross-Motion for Summary Judgment (ECF No. 101).

## **INTRODUCTION**

Turbocam fails to offer any acceptable explanation for introducing the Declaration of Peter Hanson (the "Hanson Declaration") into the summary judgment record. Turbocam does not—and cannot—dispute the testimony and summary judgment briefing that establishes its long-standing and unwavering position that the sex-based religious beliefs of Turbocam's owners were the sole reason for its exclusion of coverage for gender dysphoria in its health benefits plan. *See* Pl.'s Mot. to Strike ("Pl.'s Mot."), ECF No. 97, at 1–6. Faced with the clear application of the "sham affidavit" rule to its late-stage contradictory testimony, *see* Pl.'s Mot., ECF No. 97 at 6–9, Turbocam asks this Court to credit two specious explanations. First, Turbocam asserts that the new and contradictory facts are proper on reply because Plaintiff has disclaimed her legal theory under the but-for causation analysis in *Bostock v. Clayton County*, 590 U.S. 644 (2020), "reversed course," and "belatedly invoked a new [mixed-motive] legal theory." *See* Turbocam Opp. to Pl.'s Mot. to Strike ("Turbocam Opp."), ECF No. 101 at 2, 4. This is false. It is clear from Plaintiff's four-page Title VII argument in her opposition and reply, Pl.'s Opp. To Def.'s Cross-Mot. for Summ. J. and Reply to Def.'s Opp. To Pl.'s Mot. for Summ. J. ("Pl.'s Reply"), ECF No. 88 at 2–5, that she has never invoked, cited, or relied upon the mixed motives provision in 42 U.S.C. § 2000e-2(m) and has consistently maintained a straightforward discrimination claim under § 2000e-(2) and *Bostock* based on direct evidence that Turbocam's decision was motivated by sex. *See, e.g.*, ECF No. 88 at 2 ("Title VII asks a simple question: was sex a but-for cause of the employment decision at issue? *Bostock*, 590 U.S. at 667. In this case, based on the undisputed direct evidence of sex

1

discrimination, the answer is yes."); *see generally* Argument, § I(A), *infra*. Thus, by Turbocam's own admission, there is no basis for introducing new evidence, given that Plaintiff has not advanced a mixed-motive argument. Second, Turbocam asserts that the "new facts [the Hanson Declaration] raises *may inform* this Court's discretionary grant of equitable relief." Turbocam Opp., ECF No. 101 at 10 (emphasis added). But here, summary judgment is a matter of liability only. And the purported "may inform" rationale should be regarded as particularly suspect when the contradictory "new facts" placed in the summary judgment record go to the core question of a discrimination case—the reason for the employer's action.[1]

There should be no ambiguity in the record as to what facts are before the Court when it decides the question of Turbocam's liability for its past actions. The Hanson Declaration has no bearing on that question and must be stricken from the summary judgment record.

### I.    TURBOCAM HAS NOT OFFERED ANY ACCEPTABLE EXPLANATION FOR THE HANSON DECLARATION.

#### A.    Plaintiff Has Not Changed Her Title VII Argument.

Turbocam incorrectly asserts that Plaintiff has abandoned her argument that "the exclusion . . . in Turbocam's employer-sponsored health-benefits plan violates Title VII because it discriminates in a 'but-for' sense under *Bostock* . . . [and instead asserted] a new argument [that] now

---

[1] Further, it is clear from the factually bare assertion in the Hanson Declaration that its new position is a stark departure from its business practices with respect to health plan coverages. The declaration does not identify any meeting, email or discussion in which Turbocam adopted its new position. Hanson Decl. ¶¶ 4–6, ECF No. 95-1. It provides no details about when Mr. Hanson read Dr. Weiss's report, why Turbocam's Director of Talent Development would review a litigation expert report in the first place, when any decision was made, who else at Turbocam was consulted in reaching this new determination regarding its health benefits plan, or why Turbocam departed from its regular business practice that clinical coverage determinations are made by its administrator, singling out gender transition medical care for differential treatment. Tellingly, even after Plaintiff's motion to strike identified the declaration's lack of detail, Turbocam's opposition supplied none of the missing information that would explain when or how this purported corporate position was adopted.

sounds in Title VII's distinct and unique provision recognizing mixed-motives liability." Turbocam Opp., ECF No. 101 at 2, 4.[2] Plaintiff's brief reveals that Turbocam's assertion of a switch in Plaintiff's argument is wrong. Plaintiff begins her opposition and reply by reiterating the central holding of *Bostock*. "The Court held that when an employer disapproves of an employee because of her transgender status and takes and adverse employment action on that basis, the employer necessarily engages in sex discrimination prohibited by Title VII." Pl.'s Reply, ECF No. 88 at 3 (citing *Bostock*, 590 U.S. at 651–52). She then points to the direct evidence of discriminatory intent, establishing but-for causation under *Bostock*. *See* ECF No. 88 at 4 ("Turbocam maintained the exclusion solely based on [its President's] belief that sex is immutable and it is wrong for Lillian to change her sex. That decision was motivated by sex."); *id.* ("The request was denied for that reason alone."); *id.* ("The decision rested entirely on . . . an objection . . . to transgender status itself."); *id.* (noting evidence of an "objection to Lillian being transgender"); *id.* at 5 ("The objection is to Lillian being transgender and living as a woman, which under *Bostock* is inextricably bound up with sex.").

Turbocam distorts Plaintiff's reference to *United States v. Skrmetti*, 605 U.S. 405 (2025), in its opposition and reply by asserting that "[p]erhaps finally coming to grips with the futility of a *Bostock* claim following *Skrmetti*, Bernier reversed course in reply and expressly disclaimed that Turbocam's health-benefits plan 'on-its face, necessarily discriminates based on sex.'"[3] Turbocam

---

[2] A mixed-motives claim arises when an employer has multiple stated reasons for a decision, and the plaintiff seeks to establish that at least one was discriminatory. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94–95 (2003). A mixed-motive claim is only necessary where sex cannot be proven to be a but-for cause of the adverse employment action. Where sex is a but-for cause, as the direct evidence here establishes, any additional motives are irrelevant to the question of liability.

[3] *Skrmetti* in no way overturned or abrogated the holding in Bostock. *United States v. Skrmetti*, 605 U.S. 495, 521 (2025) (distinguishing *Bostock* because *Skrmetti* was not a Title VII case and did not involve evidence of discriminatory motive).

3

Opp., ECF No. 101 at 4 (citing Pl.'s Reply at 4–5). A review of Plaintiff's reply, however, indicates that in response to Turbocam's extensive discussion of *Skrmetti* in its opposition to Plaintiff's Motion for Summary Judgment, Plaintiff simply clarified that she was not making an argument based on the language of the health plan exclusion, but rather based on "direct evidence of sex-based motivation that was entirely absent in *Skrmetti*." Pl.'s Reply, ECF No. 88 at 4–5. This clarification does not represent a new legal theory; it responds to Turbocam's *Skrmetti* arguments.

Plaintiff argues that Turbocam has a single reason: objection to Lillian "erasing or obscuring her sex" based on religious beliefs about sex. Pl.'s Reply, ECF No. 88 at 4 (citation omitted). That single reason is, itself, sex-based. The fact that this sex-based objection derives from religious beliefs does not create two separate "motives"—one religious and one sex-based. The religious belief and the sex-based discrimination are one and the same.

Plaintiff has never cited § 2000e-2(m), never used the term "mixed-motives," and never structured her claim under that framework. *See* Compl., ECF No. 1; Pl.'s Mem. of Law in Support of Mot. for Summ. J., ECF No. 66-1; Pl.'s Reply, ECF No. 88. Nor could she have. Until the belated introduction of the Hanson Declaration, Turbocam has never articulated any non-discriminatory reason for the exclusion. Throughout this litigation, Turbocam has offered only one justification: its objection to employees "erasing or obscuring their sex." Pl.'s Reply, ECF No. 88 at 4. Without a legitimate reason alongside a discriminatory one, there is no factual basis for a mixed-motives claim.[4] Plaintiff instead pursued what the evidence supported: a straightforward, but-for discrimination claim under Bostock based on direct evidence of Turbocam's sex-based motivation.

---

[4] Of course, a same-decision defense is retrospective, not prospective, looking to what additional justifications were underlying an employment decision at the time the decision was made. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (1989) (plurality opinion) ("An employer may not . . . prevail in a mixed-motives case by offering a legitimate and sufficient reason for its decision if that reason did not motivate it *at the time of* the decision.") (emphasis added); 42 U.S.C. § 2000e-

4

The unsupported assertion that Plaintiff "changed" her legal theory from a but-for analysis under *Bostock* to a mixed-motive theory fails to justify the introduction of the Hanson Declaration.

      **B.**      **Turbocam's Assertion That the Hanson Declaration May Bear on Remedy Underscores That it is Improper in the Summary Judgment Record.**

Turbocam's assertion that the declaration is "timely for the additional and independent reason that the new facts it raises may inform this Court's discretionary grant of equitable relief," Def.'s Opp., ECF No. 101 at 10, is reason to strike it here. The parties' summary judgment motions concern only liability under Title VII and the ADA, not remedy. Evidence to support Turbocam's purported future intentions is immaterial to whether its past conduct violated Title VII. Arguments about remedy are not a legitimate basis for introducing evidence in a reply brief at summary judgment. More fundamentally, if the Hanson Declaration is truly "forward-looking" and irrelevant to liability, as Turbocam insists, Def.'s Opp., ECF No. 101 at 2, then it has no place in the summary judgment record at all.

      **C.**      **The Court Must Strike the Hanson Declaration.**

Courts in this Circuit regularly exercise their authority to strike affidavits at the summary judgment stage where the evidence is inappropriately introduced into the summary judgment record, and Turbocam's procedural objection, Def.'s Opp., ECF No. 101 at 6–7, provides no basis to depart from this practice. *See, e.g.*, *Dones-Pabón v. Hospital Auxillo Mutuo de P.R., Inc.*, No. 20-cv-1628, 2023 U.S. Dist. LEXIS 84011, at *16 (D.P.R. May 11, 2023) (striking sham affidavit on summary judgment); *Clapp v. Fanning*, No. 18-cv-10426, 2022 U.S. Dist. LEXIS 48374, at *4–9

---

5(g)(2)(B) (establishing same-decision defense where "a respondent demonstrates that the respondent *would have taken* the same action in the absence of the impermissible motivating factor") (emphasis added). An employer cannot escape liability by manufacturing new justifications after the fact.

(D. Mass. Mar. 18, 2022) (striking portions of evidentiary submissions in support of summary judgment motion); *Campbell v. CGM, LLC*, No. 15-cv-88, 2016 U.S. Dist. LEXIS 164283, at *10 (D.N.H. Nov. 29, 2016) (striking affidavit on summary judgment due to Rule 26 violation); *Wash. Int'l Ins. Co. v. Ashton Agency, Inc.*, No. 10-cv-526, 2013 U.S. Dist. LEXIS 31593, at *16 (D.N.H. Mar. 7, 2013) (striking part of affidavit submitted in support of summary judgment); *Teragram Corp. v. Marketwatch.com, Inc.*, No. 02-cv-11138, 2004 U.S. Dist. LEXIS 26410, at *41 (D. Mass. Dec. 29, 2004) (striking portions of summary judgment affidavit), *aff'd*, 444 F.3d 1 (1st Cir. 2006); *Kleen Laundry & Dry Cleaning Servs. v. Total Waste Mgmt. Corp.*, 817 F. Supp. 225, 229 (D.N.H. 1993) (striking portion of affidavit submitted in support of summary judgment motion because affidavit included statements related to settlement discussions).

      Whatever form this Court's order takes, it is critical that this Court enter an order that the Hanson Declaration is not part of the summary judgment record. Further, this Court should not credit Turbocam's arguments in its reply brief that depend on the Hanson Declaration. Such an order is necessary to preserve the integrity of the summary judgment record, to prevent confusion about Turbocam's justification that is at issue in this case, and to ensure the clarity of the record on any appeal.

## **CONCLUSION**

      For the foregoing reasons, this Court should grant Plaintiff's Motion to Strike Turbocam's Declaration of Peter Hanson.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Lillian Bernier |
|  | By her attorneys, |
| Date: December 22, 2025 | */s/ Chris Erchull*<br>Chris Erchull (N.H. Bar No. 266733)<br>Bennett Klein (Mass. Bar No. 550702)*<br>Michael Haley (N.H. Bar No. 270236)<br>GLBTQ Legal Advocates & Defenders<br>18 Tremont St. Ste. 950<br>Boston, MA 02108<br>(617) 426-1350<br>cerchull@gladlaw.org<br>bklein@gladlaw.org<br>mhaley@gladlaw.org |
|  | * *Admitted pro hac vice* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

Date: December 22, 2025                                                                 */s/ Chris Erchull*

                                                                                                          Chris Erchull